Argued May 19, affirmed as modified July 5, reconsideration denied August 16, petition for review denied September 8, 1978

In the Matter of the Marriage of
HEDEMANN, *Appellant—Cross-Respondent,*
*and*
HEDEMANN, *Respondent—Cross-Appellant.*
(No. 76-11-276, CA 9036)
580 P2d 1061

John Henry Hingson III, Oregon City, argued the cause and filed the briefs for appellant—cross-respondent.

Larry Dawson, Portland, argued the cause and filed the brief for respondent—cross-appellant.

Before Schwab, Chief Judge, and Johnson and Gillette, Judges.

JOHNSON J.

**JOHNSON, J.**

The wife appeals the decree of dissolution of the marriage contending the awards of spousal support, child support and attorney's fees were inadequate. The husband cross-appeals the award of spousal support. The amount of attorney's fees set by the trial court was pursuant to stipulation and we do not review it.

Husband, aged 28, and wife, aged 25, were married in 1974 and separated thirty months thereafter. They have a three-year-old daughter. Prior to the marriage the wife had attended two quarters of college and worked as a nurses' aid and clerk earning approximately $300 per month. She is presently employed as a stenographer earning a net income of $550 per month. The wife desires to return to college to improve her earning capactiy. It is unnecessary to the resolution of the issues presented to set forth a detailed accounting of the husband's financial interests. Suffice it to say he came into the marriage with substantial financial resources and has an annual income, including fringe benefits, in excess of $60,000. The parties' lifestyle during the marriage was commensurate with the husband's wealth.

The division of property decreed by the trial court gave the wife the residence valued at $70,000, subject to a $52,000 mortgage, a 1976 automobile valued at $8,000 to $9,000, and her jewelry worth $6,000 to $7,000. The husband, received some miscellaneous personal property, a condominium, and retained his ownership in his businesses and other interests. The total value of the husband's property was substantially in excess of $250,000. The wife was awarded custody of the daughter and $200 per month child support, to be increased to $300 when the daughter reaches twelve. The husband was also required to maintain $75,000 in life insurance and medical/dental insurance for the child. The wife was awarded spousal support of $500 per month for one year, and $300 per month for two years thereafter. The trial court

awarded the wife attorney's fees in the amount of $300, in addition to the $750 awarded at the pendente lite hearing.

Although the wife is economically self-sufficient under the trial court's decree, she necessarily will have to forego educational and other career opportunities she might otherwise have had and devote a substantial portion of her energies to caring for the daughter. The husband is in a position to provide financial support so that the wife can pursue her education and the career opportunities that may follow from it, and also amply provide for the child. The trial court's decree is modified to provide that the wife shall receive $750 per month spousal support for three years from the date of the decree. Child support shall be $400 per month.

Affirmed as modified. Costs to appellant—cross-respondent.